FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN-MICHAEL RAY DURHAM,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF THE INSPECTOR GENERAL – DOJ, OFFICE OF THE INSPECTOR GENERAL – HHS, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNNAMED FEDERAL OFFICIALS, THE FEDERAL BUREAU OF INVESTIGATION, STATE OF WASHINGTON DEFENDANTS.<br><br>Defendants. | NO. 2:25-CV-00298-RLP<br><br>ORDER DISMISSING COMPLAINT AND REQUIRING MR. DURHAM TO SHOW CAUSE WHY HE SHOULD NOT BE BARRED FROM FILING FUTURE LAWSUITS IN THE EASTERN DISTRICT OF WASHINGTON |

BEFORE THE COURT is Plaintiff John-Michael Durham's Amended

Complaint, ECF No. 22, amended Application to Proceed *In Forma Pauperis*, ECF

No. 48, Motion for Injunction Pending Appeal, ECF No. 29, and construed motion

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 1

to proceed with his appeal in forma pauperis. ECF No. 35. Also before the Court is Defendants CJC and Ariele Landstrom's Motion to Dismiss and for Pre-Filing Litigation Order, ECF No. 43. For the reasons discussed below, this action is dismissed, Mr. Durham's motions are denied, and the Court grants Defendants' motion to tentatively deem Mr. Durham a vexatious litigant.

## IN FORMA PAUPERIS

On August 7, 2025, Plaintiff John-Michael Ray Durham filed the instant *pro se* civil rights Complaint, ECF No. 1, along with an Application to Proceed *In Forma Pauperis*. ECF No. 2. On August 18, 2025, the Court denied Mr. Durham's application, as he indicated he had "Rent payment, interest, or dividends", in response to question three, *Other Income* section of the application, but neglected to complete the section below requiring him to describe the source and amount of income. ECF No. 11. Furthermore, Mr. Durham indicated he had been or was currently a party to a lawsuit, but failed to include "the cause number, name of court, and captioned names of the parties for each lawsuit" he has been a party to for the last 10 years. *Id*. The Court granted Mr. Durham 30 days to file a new application to proceed *in forma pauperis* or pay the filing fee. *Id*.

On September 18, 2025, Mr. Durham filed new application to proceed *in forma pauperis*, indicating he is indigent and has no income from "Rent payment, interest, or dividends." ECF No. 48 at 1. Mr. Durham also included a list of

1  lawsuits in the past 10 years to which he has been a party. ECF No. 48-1 at 5-8.

2  However, this list appears to be incomplete – Mr. Durham only provided a list of

3  cases he filed in the Eastern District of Washington. ECF No. 48-1 at 6. In a

4  subsequent motion, Mr. Durham asserts he has ongoing litigation in the United

5  States Court for the District of Idaho. ECF No. 49 at 1. Notwithstanding the

6  incomplete case list, the Court will overlook Mr. Durham's omission and grants

7  him *in forma pauperis* status because he lacks sufficient funds to pay the filing fee.

8  *IN FORMA PAUPERIS* SCREENING ORDER

9  *1.    Legal Standard*

10  A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is subject

11  to *sua spone* review of his complaint, and mandatory dismissal, if the complaint is

12  "frivolous, malicious, fail[s] to state claim upon which relief may be granted, or

13  seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C.

14  § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759

15  (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection

16  1915(e) not only permits, but requires a district court to dismiss an *in forma*

17  *pauperis* complaint that fails to state a claim.")

18  A claim is legally frivolous when it lacks an arguable basis either in law or

19  in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989), *superseded*

20  *by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 3

(9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327, 109 S.Ct. 1827. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. 1955.

2.    *Discussion*

Mr. Durham's Complaint stems from a state court child dependency proceeding involving his children. ECF No. 22 at 11. He alleges various constitutional violations of his parental and due process rights stemming from the actions of Washington Department of Children, Youth, and Families employees,

1    lawyers, and judicial officers. *Id*. at 11-19. He also faults various federal and state

2    agencies and employees for not taking action against his alleged constitutional

3    violations. *Id*. Among other relief, Mr. Durham asks the Court to enter an

4    injunction against Defendants effectively overturning his state court dependency

5    proceedings, and forcing federal agencies to involve themselves in this matter. *Id*.

6    at 24.

7         With regard to the various federal agencies Mr. Durham has sued, the United

8    States and its agencies are immune from suit unless the United States has expressly

9    waived its immunity. *Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907

10   (9th Cir. 2003). The Court lacks subject matter jurisdiction to hear claims against

11   the United States and its agencies absent such a waiver. *Id*. Mr. Durham fails to

12   allege the United States has waived its sovereign immunity, and the Court lacks

13   jurisdiction to hear Mr. Durham's claims against it or the agencies Mr. Durham has

14   named. Therefore, Mr. Durham's claims against the United States Department of

15   Justice, the Office of Inspector General – DOJ and HHS, the United States

16   Department of Health and Human Service, the U.S. Attorney for the Eastern

17   District of Washington, and the Federal Bureau of Investigation are dismissed for

18   lack of jurisdiction.

19        Turning to the "Unnamed Federal Officials" named as Defendants,

20   Mr. Durham has expressly sued them in their official capacity. ECF No. 22 at 5.

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 5

"An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016). As stated above, absent an express waiver of sovereign immunity, the United States is immune from suit. As Mr. Durham fails to identify such a waiver of sovereign immunity with respect to his claims against the Unnamed Federal Officials, the Court lacks jurisdiction to hear Mr. Durham's claims against them. The claims against the Unnamed Federal Officials are dismissed for lack of jurisdiction.

Finally, turning to the "State of Washington Defendants,"[1] all judicial defendants enjoy absolute civil immunity for their judicial actions. *See Mullis v.*

---

[1] As noted in the Court's previous order denying Mr. Durham's motion for a preliminary injunction, ECF No. 21 at 3 n.1, FRCP 10(a) requires plaintiffs to name *all* defendants in the caption of their suit. Simply lumping all state defendants under the name "State of Washington Defendants" is inadequate. Nevertheless, the Court will liberally interpret Mr. Durham's Complaint as having properly named those defendants who are later listed as parties. *See* ECF No. 22 at 1-8. However, the Court will not consider any of the many other individuals whose name Mr. Durham invokes in his Complaint to be properly before the Court as defendants.

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 6

*U.S. Bankr. Ct. for the Dist. Of Nev.*, 828 F.2d 1385, 1388-94 (9th Cir. 1987). All of Mr. Durham's allegations against judicial defendants are based on their judicial actions or inactions. Thus, to the extent they are properly before the Court as defendants, Mr. Durham has failed to state a claim against them. The judges named in the Complaint are therefore dismissed from this suit.

The State of Washington, its agencies, and its officers acting in their official capacities are also immune from suit for money damages in federal court under the Eleventh Amendment to the United States Constitution. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304 (1989); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). Thus, the Court lacks jurisdiction to hear Mr. Durham's claims against any state agency, including the Commission on Judicial Conduct (CJC), or state official acting in their official capacity; the claims against these Defendants are dismissed.

This leaves Sadye[2] Lowe, an attorney representing the mother of Mr. Durham's children, as the sole remaining Defendant in Mr. Durham's Complaint who is not clearly immune from suit. Mr. Durham advances a fraud-upon-the court claim against Ms. Lowe. ECF No. 22 at 6-8.

---

[2] In the Amended Complaint, Mr. Durham spells Ms. Lowe's first name as both "Sayde" and "Sadie." ECF No. 22 at 3, 6.

1    A fraud-upon-the court claim, also known as a claim of extrinsic fraud,

2  requires a plaintiff to allege conduct which prevented him from presenting his

3  claim in court. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). For example,

4  in *Kougasian v. TMSL, Inc.*, the Ninth Circuit held that the plaintiff adequately

5  alleged extrinsic fraud where the defendant submitted a last-minute declaration

6  from a declarant without providing the declarant's contact information, thus

7  preventing the plaintiff from adequately deposing or questioning the declarant. 359

8  F.3d 1136, 1140-41 (9th Cir. 2004). Conversely, in *Wood*, the Ninth Circuit

9  declined to find extrinsic fraud where the plaintiff had a full opportunity to contest

10 the purportedly false evidence. 644 F.2d at 801.

11    While Mr. Durham alleges that Ms. Lowe filed a falsified medical consent

12 form, he fails to allege how Ms. Lowe prevented him from challenging the form or

13 presenting his own case before the state court. Therefore, Mr. Durham failed to

14 adequately state a claim for extrinsic fraud against Ms. Lowe. As Mr. Durham does

15 not clearly assert any other claims against Ms. Lowe, she is dismissed from this

16 lawsuit.

17    Furthermore, as Mr. Durham failed to allege extrinsic fraud, this Court lacks

18 jurisdiction to hear his claims under the *Rooker-Feldman* doctrine. *See also Dixon*

19 *v. State Bar of Cal.*, 32 Fed. App'x 355, 356-57 (9th Cir. 2002) (holding that

20 allegations of discriminatory prosecution, fabricated evidence, and wrongful

exclusion of allegedly exculpatory evidence merely described intrinsic fraud and thus dismissal was required under *Rooker-Feldman*). "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003).

> [a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision.

*Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003).

Mr. Durham's claims are inextricably intertwined with the decisions of the state court in his children's dependency proceeding. Indeed, the injunctive relief Mr. Durham seeks is the complete overturning of the state court's decisions in that proceeding. This case is largely a forbidden de facto appeal of those proceedings, and the Court lacks jurisdiction to hear such claims. Therefore, his Complaint is dismissed for this reason as well.

Finally, the Court also lacks jurisdiction to hear Mr. Durham's claims under the *Younger* abstention doctrine. Under the *Younger* doctrine, federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754,

758 (9th Cir. 2014). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. ex. Rel. Gordon v. Koppel*, 203 F.3d 610, 613 (2000). *Id*. Courts have recognized a fourth factor: the requested relief must seek to enjoin – or have the practical effect of enjoining – ongoing state proceedings. *ReadyLink*, 754 F.3d at 758.

If plaintiff is bringing claims where the *Younger* doctrine applies, the case must be dismissed. *Id*. If the court is asked to enjoin ongoing state proceedings, it should abstain from doing so. *Id*.

Here, it appears the four requirements for the application of *Younger* abstention are met. The child dependency proceedings implicate important state interests in ensuring the health and welfare of Mr. Durham's children. *Moore v. Sims*, 442 U.S. 414, 435, 99 S.Ct. 2361 (1979) ("Family relations are a traditional area of state concern."). As to the third factor, the Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519 (1987). Here, there is no such unambiguous authority that shows Mr. Durham will not be afforded opportunity to raise his constitutional challenges through state proceedings. Finally, Mr. Durham's Complaint asks this Court to interfere with the

state court proceedings, to command the state court to strike certain records, disclose others, restore his parental rights, and restrain others from taking adverse action against him. ECF No. 22 at 25.

The only real question is whether Mr. Durham's state court proceedings are still ongoing. While many of Mr. Durham's allegations are past-tense, e.g., "I was falsely portrayed as a threat to my children without due process," he also states "[t]hese acts continue to this day." *Id*. at 14-15. To the extent they are ongoing, *Younger* abstention applies, and this Court must decline jurisdiction over this case.

For the above reasons, Mr. Durham's Complaint fails to state a claim upon which relief may be granted as to each of the Defendants. The Complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2).[3]

## VEXATIOUS LITIGANT STATUS

On September 9, 2025, Defendants CJC and Conduct Administrator Ariele Landstrom[4] filed a motion to dismiss the case and have Mr. Durham deemed a vexatious litigant.

---

[3] For reasons discussed below, the Court finds this suit to be frivolous and malicious, also requiring its dismissal pursuant to 28 U.S.C. § 1915(e)(2).

[4] Mr. Durham's original complaint named the CJC and Ms. Landstrom as defendants in the caption. ECF No. 1. As discussed above, Mr. Durham's

*1.    Legal Standard*

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Out of regard for the constitutional underpinnings of the right to court access, pre-filing orders should rarely be filed, and only if courts comply with certain procedural and substantive requirements." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted). Therefore, pre-filing restrictions should be a remedy of last resort. *Id*.

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment: and (4) tailor the order narrowly so as to closely fit the specific vice encountered."

---

Amended Complaint removed them and substituted "State of Washington Defendants" as a defendant in the case caption. ECF No. 22. Review of Mr. Durham's Amended Complaint reveals he continues to intend to sue the CJC and/or Ms. Landstrom, despite their removal from the caption. *Id*. at 3.

*Id.* (internal quotation marks omitted). The first and second of these requirements are procedural, while the "latter two factors … are substantive considerations … [that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007).

In applying the two substantive factors, the Ninth Circuit held that a separate set of considerations provides a helpful framework when determining whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Ringgold-Lockhart*, 761 F.3d at 1062.

2.    *Discussion*

The Court tentatively finds Mr. Durham to be a vexatious litigant. Since September 2024, Mr. Durham has filed six different lawsuits in the Eastern District

of Washington stemming from Washington state child dependency proceedings involving his children. *Durham v. Hopkins, et. al.*, 2:24-cv-00299-TOR; *Durham v. Schmidt et. al.*, 2:24-cv-00325-TOR; *Durham et. al. v. Dep't of Children, Youth, and Families et. al.*, 2:24-cv-00340-TOR; *Durham v. Commissioner's Chambers et. al.*, 2:24-cv-00368-TOR; *Durham v. Hopkins et. al.*, 2:24-cv-00401-SAB; *Durham v. United States Dep't of Justice et. al.*, 2:25-cv-00298-RLP. The claims in these suits are often arbitrary, capricious, and convoluted. Among other parties, Mr. Durham has sued individual social workers, lawyers, various state and federal agencies, and judges and judicial staff. The common thread tying these defendants together is that they have sided against him in the state child dependency proceedings and subsequent litigation, or otherwise refused to obey his commands to take action in that matter. Four of these cases were dismissed under the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine as de facto appeals of, and attempts to interfere with, his state child dependency proceedings. As discussed above, the Court again finds Mr. Durham's claims in this suit are barred under *Rooker-Feldman* and *Younger*. Thus, even though Mr. Durham has been repeatedly advised by other judges in this district that he cannot proceed with similar claims against such agencies and individuals, he continues to utilize the federal district courts to seek unattainable relief.

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 14

1    For instance, in the order dismissing Mr. Durham's previous lawsuit on this

2    subject, the Court expressed concern that "by Plaintiff continuing to file allegations

3    against state employees and judicial officers related to his ongoing state

4    dependency proceedings, he is seeking to inappropriately affect the proceedings

5    and persecute the public employees who participate in those proceedings." ECF

6    No. 65 in *Durham v. Hopkins, et. al.*, Case No. 2:24-CV-00401-SAB. Undeterred,

7    Mr. Durham has continued to make allegations of the same nature against state and

8    federal employees and judges in the instant action.

9    Beyond these six lawsuits stemming from the Washington child dependency

10    proceedings, Mr. Durham has filed another three civil suits in this Court in the past

11    year. Two of these suits were clearly frivolous. The first involved a police

12    investigation of a hit-and-run Mr. Durham was suspected of committing. ECF No.

13    27 in *Durham v. Wikle, et. al.*, Case No. 2:24-CV-00371-TOR at 2. Mr. Durham's

14    Complaint alleged harassment, defamation, and use of excessive force by

15    witnesses and investigating officers. *Id.* at 6-10. The Court granted the defendants

16    summary judgment, as Mr. Durham failed to state any cognizable claim. *Id.* at 13.

17    The Court also noted the body camera and surveillance footage disproved

18    Mr. Durham's claims that he did not commit the hit-and-run, or that he was

19    restrained by investigating officers. *Id.* at 7, 11.

20

The second civil rights lawsuit involved the police and Mr. Durham's apartment complex's failure to investigate a noise complaint to his satisfaction. ECF No. 26 in *Durham v. Liberty Park Terrace Property*, Case No. 2:25-CV-00043-SAB at 3. The Court dismissed the action due to Mr. Durham's failure to articulate a cognizable *Monell* claim. *Id.* at 5.

The third lawsuit, involving a wage dispute with Mr. Durham's former employer, has not yet progressed far enough for the Court to ascertain whether it has any merit. ECF No. 1 in *Durham v. Dollar Tree Inc., et. al.*, Case No. 2:25-CV-00110-SAB. However, the Court does take note that Mr. Durham unsuccessfully moved to file frivolous "Articles of Treason" against the sitting judge. ECF No. 4 in *Durham v. Dollar Tree Inc., et. al.*, Case No. 2:25-CV-00110-SAB.

In addition to filing lawsuits asserting meritless claims without a good faith expectation of prevailing, Mr. Durham's lawsuits have involved myriads of frivolous motions, requests for injunctions, and attempts to appeal adverse orders. *See, e.g.*, ECF Nos. 16, 28, 29, 30, 31, 32, 33, 34, 35, 37, 40, 42. Many of these motions request relief unrelated to the claims Mr. Durham asserted in his Complaints, and some came well after the Court dismissed his case. *See, e.g.*, ECF Nos. 32, 33 in *Durham v. Wikle, et. al.*, Case No. 2:24-CV-00371-TOR; ECF Nos. 29, 32, 33, 36 in *Durham v. Liberty Park Terrace Property*, Case No. 2:25-cv-

00043-SAB; The records also reflect that Mr. Durham regularly attempts to personally serve subpoenas to parties and third parties without first obtaining the necessary approval from the Court. *See, e.g.*, ECF Nos. 34, 38, 39, 40, 42.

The Court finds Mr. Durham's use of the court system to be frivolous, abusive, and intended to harass. Due to Mr. Durham's frivolous, abusive, and harassing conduct, Defendants and this Court have allocated valuable time and resources to issues previously litigated. As mentioned above, Mr. Durham has been previously advised that claims related to the state court dependency proceedings are barred by *Rooker-Feldman* and *Younger* doctrines. Notwithstanding this knowledge, Mr. Durham continues to file frivolous complaints and motions in the Eastern District of Washington—these frivolous filings are abusive and harassing and cause the Court and Defendants alike to neglect pressing substantive matters in the Eastern District of Washington. Furthermore, Mr. Durham submitted each complaint with applications to proceed *in forma pauperis*. Screening these frivolous complaints and *in forma pauperis* applications required the use of time and resources of the Court. Mr. Durham has clearly abused the *in forma pauperis* statute, which was not intended to provide a *pro se* litigant leave to conduct unlimited frivolous and harassing litigation.

While the majority of Mr. Durham's frivolous suits, including the instant action, have concerned his Washington child dependency proceedings, as

discussed above Mr. Durham also filed two frivolous suits on other, unrelated topics. *Durham v. Wikle, et. al.*, Case No. 2:24-CV-00371-TOR; *Durham v. Liberty Park Terrace Property*, Case No. 2:25-CV-00043-SAB. These lawsuits reinforce the Court's findings that Mr. Durham is using the court system to harass those who inconvenience him. They also necessitate Mr. Durham be enjoined from filing *any* new *pro se* civil actions, not merely ones relating to his child dependency proceedings.

Thus, to prevent future harassment and protect judicial resources in the Eastern District of Washington, the Court grants Defendants' motion. Mr. Durham is tentatively designated a vexatious litigant. In order to provide notice and an opportunity to be heard, **by October 10, 2025, Mr. Durham shall show cause in <u>one</u> (1) written brief as to why he the court should not enter a pre-filing injunction against him**. The Court notes that an opportunity to be heard does not require an in-person hearing – the opportunity to submit a written brief is sufficient. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989); *Gavin v. City & County of San Francisco*, 2016 WL 126937 at *2 (N.D. Cal. January 12, 2016).

## MOTIONS ON APPEAL

After the Court denied Mr. Durham's motion for a preliminary injunction, ECF No. 21, Mr. Durham filed a Notice of Interlocutory Appeal of that order. ECF

No. 28. Mr. Durham also filed a construed motion to proceed with his appeal *in forma pauperis*. ECF No. 35.

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "A certificate that an appeal is not taken in good faith may be entered if there is some evident improper motive or if no issue is presented which is not plainly frivolous." *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960).

As discussed above, Mr. Durham's litigation is intended to harass his opponents. Furthermore, his appeal presents no issue which is not plainly frivolous – his request for a preliminary injunction could not be granted because it did not concern a defendant or claim identified in the Complaint. For these reasons, Mr. Durham's motion to proceed with his appeal *in forma pauperis* is denied.

Mr. Durham also moves under FRCP 62(d) for an injunction pending the outcome of his appeal. ECF No. 29.

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). A party can obtain an injunction pending appeal by showing its motion satisfies all four elements of the *Winter* test. *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020). The Ninth Circuit also permits an alternative test in

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 19

which "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements are also met." *All. for the Wild Rockies v. Cottrell*, 532 F.3d 1127, 1132 (9th Cir. 2011).

"[T]he fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025).

Mr. Durham's motion for an injunction pending appeal lacks sufficient factual details concerning Defendants' alleged actions for the Court to find any likelihood of success on the merits. It continues to be unclear which Defendants are alleged to be evicting Mr. Durham, and why their actions are retaliatory. A valid First Amendment retaliation claim requires a showing that (1) plaintiff engaged in constitutionally protected activity; (2) defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (internal quotation marks omitted). Bare assertions of a retaliatory motive are insufficient to state a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 533 n. 4

(9th Cir.1985). Mr. Durham's failure to specifically allege what constitutionally protected activity he engaged in, which Defendant acted to violate his rights, and how his protected activity was a substantial motivating factor in that Defendant's conduct means he demonstrates no likelihood of success on the merits of a retaliation claim.

As for Mr. Durham's claims that (unspecified) Defendants' actions violated various federal regulations and statutes, it is unclear how these purported violations relate to a claim asserted in the Amended Complaint other than retaliation. Mr. Durham therefore fails to allege facts demonstrating a likelihood of success. His failure to adequately explain his argument means this case presents no "serious question" going to the merits of a claim. Turning to the remaining *Winter* factors, while Mr. Durham may suffer irreparable harm from his eviction, the balance of the equities does not weigh in his favor as he has not demonstrated his eviction was retaliatory. As he has not demonstrated a likelihood of success on the merits, an injunction does not benefit the public interest either.

As for Mr. Durham's request for this Court to certify his motion under FRAP 8, FRAP 8 does not create a "certification" procedure for injunctions pending appeal. Instead, the rule requires that Mr. Durham file a motion for an injunction before this Court prior to filing such a motion before the Ninth Circuit.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Mr. Durham's Application to Proceed In Forma Pauperis, **ECF No. 48**, is **GRANTED**. Mr. Durham is granted *in forma pauperis* status.

2. Mr. Durham's motions for an injunction pending appeal, **ECF No. 29**, and to proceed on appeal *in forma pauperis*, **ECF No. 35**, are **DENIED**. An appeal of this civil action would not be taken in good faith.

3. Defendants CJC and Ariele Landstrom's Motion to Dismiss and for Pre-Filing Litigation Order, **ECF No. 43**, is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**.

4. Mr. Durham's remaining pending motions, **ECF Nos. 30, 31, 32, 33, 34, 37, 40, 42**, **and 49**, are **DENIED as moot**.

5. All claims against Defendants are **DISMISSED with prejudice**.

6. As the case is dismissed, the Motion to Quash Subpoena for Spokane County Superior Court Judge Beggs, **ECF No. 45**, is **GRANTED**.

7. Mr. Durham is tentatively declared a **vexatious litigant**.

8. Mr. Durham shall file a response, limited to 20 pages, opposing the vexatious litigant designation **no later than October 10, 2025**. Mr. Durham shall only file one brief in opposition to the vexatious litigant designation and is cautioned that a superfluous motion for reconsideration of vexatious litigant status is unnecessary prior to this Court's final determination. Mr. Durham is cautioned that the Court has

ORDER DISMISSING COMPLAINT AND TO SHOW CAUSE * 22

the authority to impose the vexatious litigant designation even if he chooses not to file a response to this show cause order.

9. Pending the Court's final determination of vexatious litigant status, Mr. Durham will need permission from this Court prior to filing any new *pro se* civil action in the Eastern District of Washington. The Court will approve all filings that it deems to be meritorious, not duplicative, and not frivolous. To obtain leave of Court, any future complaint submitted by Mr. Durhan to the Eastern District of Washington shall include in its caption: "Subject to Pre-Filing Order in NO. 2:25-CV-00298-RLP," and specify whether Mr. Durham previously brought a lawsuit against the same Defendant(s) and, if so, include the case number(s) of those lawsuits. Mr. Durham is warned that a failure to adhere to these provisions may subject him to further sanctions, including contempt.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order, enter judgment for Defendants, and furnish copies to counsel and *pro se* Plaintiff.

DATED September 23, 2025.

REBECCA L. PENNELL
United States District Judge